T.C. Summary Opinion 2004-59


UNITED STATES TAX COURT


RALPH D. AND BRENDA KONCHAR, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5388-01S.                    Filed May 13, 2004.


Ralph D. and Brenda Konchar, pro sese.

<u>Jason W. Anderson</u> and <u>Thomas Yang</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years at issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined deficiencies in petitioners' Federal income taxes of $5,404 for 1996, $5,978 for 1997, and $2,478 for 1998. The issue for decision is whether Brenda Konchar (petitioner) conducted her Mary Kay Cosmetics distribution activity with the intent to earn a profit, and if so, whether she has substantiated that she incurred ordinary and necessary business expenses.

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by reference. At the time the petition was filed, petitioners resided in Hobart, Indiana.

### Background

During the years at issue petitioners had four minor children all of whom lived with them at home. Mr. Konchar worked full time in construction. In 1996 and 1997, petitioner worked about 17 hours a week at a Montgomery Ward department store as a furniture salesperson. Petitioner changed her place of work to the men's fragrance department of a May department store for about a month, full time during the Christmas season of 1998.

In May of 1996, petitioner joined Mary Kay Cosmetics as an "Independent Beauty Consultant". Before 1996, petitioner's sister was a Mary Kay consultant. When petitioner became a consultant in 1996, she took over 12 of her sister's customers consisting of family members and friends.

During the subject years, three of petitioner's customers lived in Pennsylvania, two lived in Florida, and seven lived in Texas. In addition, all of petitioner's extended family live in those three States, including her parents, who live in San Antonio, Texas.

Petitioner owned a Dodge Caravan that she used in her Mary Kay activity. For the year 1996 she maintained a mileage log for her use of the Caravan. The log consisted of a notebook containing dates, odometer readings, and daily mileage driven. During 1996 petitioner, accompanied by her children and sometimes her husband, made several trips to Pennsylvania, Dallas and San Antonio, Texas, and Florida. She recorded the trips in her log and deducted the mileage on the Schedule C, Profit or Loss From Business, attached to her 1996 Federal income tax return. Petitioner did not produce any log for 1997 or 1998, nor did she provide substantiation for Schedule C expenses in those years. Petitioner did not maintain a separate checking account for her Mary Kay activity for any year.

Petitioner reported returns and allowances plus cost of goods sold (COGS) in excess of gross receipts on Schedule C for 1996 and 1997 for her Mary Kay activity. For 1998 petitioner reported gross income, gross receipts exceeding returns and allowances plus COGS, of $438. Net reported business losses for the 3 years were $19,300, $21,308 and $9,132. Included in

petitioner's business expense deductions are automobile and travel, and meals and entertainment expenses of over $10,000 for 1996 and 1997 and over $7,000 for 1998.

The parties agree that petitioner did not assess the profitability of her Mary Kay activity and did not analyze any records to determine whether she could improve her Mary Kay profitability.

Respondent determined that petitioner did not conduct her Mary Kay activity with the honest objective to make a profit and that if she did so conduct her activity, she has failed to substantiate some of her business expenses for 1996 and has failed to substantiate any of her business expenses for 1997 and 1998.

## Discussion

Because petitioner failed to meet the requirements of section 7491(a)(2), the burden of proof does not shift to respondent in this case.[1]

Section 183(a) generally provides that if an activity engaged in by an individual is not entered into for profit, no deduction attributable to the activity shall be allowed, except

---

[1]Sec. 7491 is effective with respect to court proceedings arising in connection with examinations by the Commissioner commencing after July 22, 1998, the date of its enactment by the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001(a), 112 Stat. 726.

as otherwise provided in section 183(b).[2]  An "activity not engaged in for profit" means any activity other than one for which deductions are allowable under section 162 or under paragraph (1) or (2) of section 212.  Sec. 183(c).

Deductions are allowed under section 162 for the ordinary and necessary expenses of carrying on an activity that constitutes the taxpayer's trade or business.  Deductions are allowed under section 212 for expenses paid or incurred in connection with an activity engaged in for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.  With respect to either section, however, the taxpayer must demonstrate a profit objective for the activity in order to deduct associated expenses.  See Jasionowski v. Commissioner, 66 T.C. 312, 320-322 (1976); sec. 1.183-2(a), Income Tax Regs.  The profit standards applicable for section 212 are the same as those used for section 162.  See Agro Science Co. v. Commissioner, 934 F.2d 573, 576 (5th Cir. 1991), affg. T.C. Memo. 1989-687; Antonides v. Commissioner, 893 F.2d 656, 659 (4th Cir. 1990), affg. 91 T.C.

---

[2]Sec. 183(b)(1) permits a deduction for expenses that are otherwise deductible without regard to whether the activity is engaged in for profit, such as personal property taxes.  Sec. 183(b)(2) permits a deduction for expenses that would be deductible only if the activity were engaged in for profit, but only to the extent that the gross income derived from the activity exceeds the deductions allowed by sec. 183(b)(1).

686 (1988); Allen v. Commissioner, 72 T.C. 28, 33 (1979); Rand v. Commissioner, 34 T.C. 1146, 1149 (1960).

Whether the required profit objective exists is to be determined on the basis of all the facts and circumstances of each case. See Hirsch v. Commissioner, 315 F.2d 731, 737 (9th Cir. 1963), affg. T.C. Memo. 1961-256; Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(a), Income Tax Regs. While a reasonable expectation of profit is not required, the taxpayer's objective of making a profit must be bona fide. See Elliott v. Commissioner, 84 T.C. 227, 236 (1985), affd. without published opinion 782 F.2d 1027 (3d Cir. 1986). In making this factual determination, the Court gives greater weight to objective factors than to a taxpayer's mere statement of her intent. See Indep. Elec. Supply, Inc. v. Commissioner, 781 F.2d 724 (9th Cir. 1986), affg. Lahr v. Commissioner, T.C. Memo. 1984-472; Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without published opinion 702 F.2d 1205 (D.C. Cir. 1983); sec. 1.183-2(a), Income Tax Regs.

Section 1.183-2(b), Income Tax Regs., sets forth nine nonexclusive factors that should be considered in determining whether a taxpayer is engaged in a venture with a profit objective. They include: (1) The manner in which the taxpayer carried on the activity; (2) the expertise of the taxpayer or her

advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or loss with respect to the activity; (7) the amount of occasional profits that are earned; (8) the financial status of the taxpayer; and (9) whether elements of personal pleasure or recreation are involved.

No single factor is controlling, and we do not reach our decision by merely counting the factors that support each party's position. See Dunn v. Commissioner, 70 T.C. 715, 720 (1978), affd. 615 F.2d 578 (2d Cir. 1980); sec. 1.183-2(b), Income Tax Regs. Rather, the relevant facts and circumstances of the case are determinative. See Golanty v. Commissioner, supra at 426.

After considering all the factors, we agree with respondent that petitioner did not have an actual and honest objective of making a profit from her Mary Kay activity.

Petitioner did not carry on the activity in a businesslike manner. See sec. 1.183-2(b)(1), Income Tax Regs. She maintained no separate checking account for her business and no business records, except for the automobile mileage log for 1996.

According to her Schedule C, petitioner's returns and allowances and COGS exceeded her gross receipts for two of the

tax years at issue, an indication that the activity was not conducted with a profit objective. See <u>Theisen v. Commissioner</u>, T.C. Memo. 1997-539. When questioned at trial about this fact, she could not explain it. Petitioner did not seem to understand that it suggests here that she was selling her products at or near cost.

Petitioner's Mary Kay activity had a substantial component of personal pleasure. See sec. 1.183-2(b)(9), Income Tax Regs. Petitioner's customers appear to have been mostly family and friends. She traveled, with her children and sometimes her husband, as far as Pennsylvania, Florida, and Texas to conduct her Mary Kay activity. As a result, she and her family were able to see her parents, her sister, and other relatives and friends.

The expertise of the taxpayer or her advisers is a factor to be considered. See sec. 1.183-2(b)(2), Income Tax Regs. There is no evidence in the record of petitioner's prior experience operating her own business. Petitioner has provided no evidence that, before she commenced her Mary Kay activity in 1996, she sought to consult someone who could have provided an objective opinion on the advantages and disadvantages of conducting a Mary Kay distributorship.

There could have been no expectation that the assets petitioner used in the Mary Kay activity would appreciate in value. See sec. 1.183-2(b)(4), Income Tax Regs. Although

petitioner testified that she hoped to develop a customer base, she did not explain how she would realize a profit from such a customer base aside from selling Mary Kay products.

Another important factor is that there is no indication that petitioner had any chance of ever recovering the losses she suffered. See Bessenyey v. Commissioner, 45 T.C. 261, 274 (1965), affd. 379 F.2d 252 (2d Cir. 1967); sec. 1.183-2(b)(6), Income Tax Regs. Petitioner's Mary Kay activity has shown large net losses in each of the years at issue. Moreover, petitioner agreed with respondent that she did not assess the profitability of Mary Kay or analyze any Mary Kay records to determine whether she could improve her profitability. This suggests that making a profit was not the primary objective of the Mary Kay activity.

Petitioners have substantial income from sources other than petitioner's Mary Kay activity. The Mary Kay expense deductions sheltered that income to a large degree. Only the significant salary of Mr. Konchar enabled petitioner to incur the losses generated by her Mary Kay activity.

The Court has considered the remaining factors and finds them either neutral or unhelpful to petitioner.

The Court finds that petitioner did not engage in her Mary Kay activity with the actual and honest objective of making a profit. Petitioner's Schedules C for her Mary Kay activity indicate that she is not entitled to claim any deductions

"otherwise allowable" under section 183(b)(1).  Because petitioner reported no gross income from her Mary Kay activity for 1996 and 1997, she is not entitled to any deductions under section 183(b)(2) for those years.

For 1998 petitioner reported gross income of $438, and her deductions for that year are limited to that amount.  Id. Respondent, however, determined that petitioner did not substantiate any of her expenses for the year, and petitioner produced no such evidence at trial.  Petitioner is therefore not entitled to any deductions for her Mary Kay activity for 1998.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.